Lance C. Wells, Esq.
Law Offices of Lance C. Wells, LLC
1029 W. 3rd Avenue, Suite 550
Anchorage, AK. 99051
Phone: 907-274-9696
E-Mail: Lance@lancewells.law
AK Bar No. 9206045

Attorney for the Defendant Mr. Matthew Jackson

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MATTHEW JACKSON, ) | |
| Defendant. ) | |
| _____ ) | Case No. 4:24-CR-00018-001-RRB |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW DEFENDANT MATTHEW JACKSON by and through his attorney of record LANCE C. WELLS of the LAW OFFICES OF LANCE C. WELLS, LLC, and hereby files his sentencing memorandum with this court as follows for the upcoming scheduled sentencing before the Hon. Ralph R. Beistline on November 6, 2025, in Fairbanks, AK.

**I. Facts.**

Mr. Matthew Jackson is twenty-three (23) years of age. He is Alaska Native and a resident of the State of Alaska. He was born in Nome, AK., and is a United States citizen not subject to deportation. Mr. Jackson has one dependent, a minor daughter and

is not currently married. He has resided in Blue House Riverside in Shaktoolik, AK., his entire life, having never lived or resided outside of the village.

In reviewing the presentence report, Mr Jackson appears to suffer from marijuana addiction (having started using at approximately 15 years of age) and using daily up to the time of his arrest. He indicates he has never attended any type of treatment and that his village is "dry." He appears never to have used any type of hard drugs. He is not opposed to treatment.

Mr. Jackson reports that he has never been diagnosed with a mental or emotional health disorder, but reports one single stand-alone suicidal ideation at the age of approximately 14, but he did not make any attempt to harm himself. Mr. Jackson reports no physical health conditions and that he is taking no prescribed medications.

Mr. Jackson obtained his high school diploma from the Paul F. Asicksik School in Shaktoolik, in 2020. He has no further education nor formal trade skills. Mr. Jackson, has spent most of his life as a fisherman, both on a commercial and subsistence lifestyle in and around his village.

He began fishing at the age of 15. He states that commercial fishing has slowed down considerably over the years. When not fishing, he is engaged in helping his parents (ages 71

and 69) and providing for his child. He hunts, chops wood, and engages in other types of hunter/gatherer and foraging activities.

Mr. Jackson has been convicted and found guilty pursuant to his pleas of guilty previously entered with the court of:

Count 1: Cyberstalking in violation of 18 U.S.C. § 2261A(2) with penalty provisions set forth under 18 U.S.C. § 2261(b)(4), a Class-A felony offense, carrying a maximum of life imprisonment years. There is a maximum of five (5) years of supervised release, maximum $250,000.00 fine, and lastly, a $100.00 special assessment is applicable.

Counts 4 – 6: Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) with penalty provisions set forth under 18 U.S.C. § 2251(e), Class-B felony offenses, carrying a minimum of 15 years to 30 years, minimum 5 years to life of supervised release, maximum $250,000 fine and lastly a $100 special assessment.

Pursuant to the final presentence report prepared in this matter, as to Ct. 1, he is subject to a guideline provision of Life. As to Ct. 4 – 6, 15 – 30 years are the statutory provisions set forth. HIS USSG range is as follows: Offense Level 43, Criminal History II without departure or variance pursuant to 18 USC § 3553(a). Pursuant to the terms of his plea agreement, the parties have stipulated that USSG Section 5G1.3

controls and any sentence imposed in *State of Alaska v. Matthew Jackson* in case number 2UT-23-00115 CR should be concurrent to this sentence. See p. 2, Plea Agreement.

The defendant recommends that the Court's combined sentence on all counts of conviction include a total term of imprisonment of 180 months to be served concurrently with all other counts [variance pursuant to 18 USC § 3553(a)], which is the applicable combined minimum mandatory sentences for Cts. 4 – 6. It is also consistent with 18 U.S.C. § 3553(a)(2).

## II. 18 USC § 3553(a) Factors for Consideration and Departure by This Court.

1. Mr. Jackson is in need of mental health treatment.
2. Age of Mr. Jackson and his desire to change his life.
3. Limited education of Mr. Jackson and his limited skill set and ability to maintain employment and work outside of the village of Sahktoolik, AK.
4. Family and pro-social support group of Mr. Jackson.
5. Mr. Jackson's willingness to undergo drug and alcohol treatment and his commitment to maintain his sobriety.
6. Mr. Jackson's willingness to undergo sex offender treatment.
7. Strong community support from the Village of Shaktoolik, AK. See Ex. A. Letters in Support.
8. Limited criminal history of Mr. Jackson.

9. Mr. Jackson's strong support from his adopted family.

10. Mr Jackson has never resided outside of the Village of Shaktoolik, AK.

11. The limited social skills and exposure of and by Mr. Jackson, having never resided outside of the Village of Sahktoolik, AK.

12. His family dependency upon him for hunting, gathering, and providing for them, especially his parents at their age and stations in life.

13. Mr. Jackson's lack of exposure to extensive education or skills training that are available to others outside of small villages located within Alaska.

**III. Application of the Law and Unresolved Objections to PSR.**

The Supreme Court held in United States v. Booker (citations omitted) that the mandatory nature of the Sentencing Guidelines system violated the Sixth Amendment of the United States Constitution. To remedy this, the Supreme Court modified the Federal Sentencing statute to make the Sentencing Guidelines truly guidelines--advisory, but not binding on the sentencing court. Id. at 245. Subsequent litigation has affirmed the authority of a sentencing court to sentence within the range of choice dictated by the facts and applicable law of the case before it. See Gall v. United States, 06-7949, 128 S.Ct. 586, 602 (2007)(upholding a sentence outside the advisory guideline

range as reasonable); Kimbrough v. United States, 06-6330, 128 S.Ct. 558, 570 (2007)(noting that sentencing courts may vary from the advisory guideline range based solely on policy considerations, including disagreement with the policy underlying the Guidelines in a case); Rita v. United States, 06-5754, 127 S.Ct. 2456, 1465 (2007)(stating that a district court may consider arguments that "the Guideline sentence itself fails to properly reflect [18 U.S.C.] § 3553(a) considerations"). The result of this development in sentencing law is that sentencing courts must "take account of" the advisory guideline range as part of all the sentencing goals and factors enumerated in 18 U.S.C. § 3553(a), but are no longer bound by the sentencing range indicated by the applicable Guideline in the case. Cunningham v. California, 05-6551, 549 U.S. 270, 127 S.Ct. 856, 867 (2007); Booker, 543 U.S. at 261.

The advisory guidelines are, therefore, "the starting point and the initial benchmark" in determining a sentence. Gall, 128 S.Ct. at 596 (stating that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range"). While district courts must "give respectful consideration to the Guidelines", they are permitted "to tailor the sentence in light of other statutory concerns as well". Kimbrough, 128 S.Ct. at 570 (quoting Booker, 543 U.S. at 245-46). The Guidelines are not the only consideration, and the

USA v. Mathew Jackson: Sentencing Memorandum 6

district judge should consider all of the § 3553(a) factors to fashion the appropriate sentence. Gall, at 596. These factors will be detailed to the court during the sentencing scheduled for this matter.

As required by the Sentencing Reform Act, the "over-arching provision instructs the district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrents to criminal conduct, and to protect the public from further crimes of the defendant. Kimbrough, 128 S.Ct. at 570 (quoting U.S.C. § 3553(a).

In determining the sentence that is "sufficient, but not greater than necessary", the statute further directs the sentencing court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the sentencing range, and any pertinent policy statement issued by the Sentencing Commission, the kinds of sentences available, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); Accord Kimbrough, 128 S.Ct. at 570. The sentencing court "may not presume that the Guideline

range is reasonable", but rather must "make an individualized assessment based on the facts presented" to arrive at a sentence that is sufficient but not greater than necessary, in a given case. Gall, 128 S.Ct. at 597. While the rationale for a non-guideline sentence will necessarily be more detailed the further the deviation from the advisory guidelines suggested by the Sentencing Commission, there is no legal requirement that "extraordinary circumstances" are a prerequisite to the imposition of a non-guideline sentence. Id. The sentencing judge has a greater familiarity with an individual case than either the Sentencing Commission of the Court of Appeals, and is "therefore, in a superior position to find facts and judge their import under § 3553(a) in each particular case". Kimbrough, 128 S.Ct. 574 (quoting Gall, 128 S.Ct. at 597).

## IV. Analysis.

The court's duty is to impose a sentence that is "sufficient but not greater than necessary" after considering all of the factors set forth in sentencing statute 18 U.S.C. § 3553(a). One of the factors is the need for the sentence imposed to reflect the seriousness of the offense(s). There is no disputing that the offenses for which the defendant has been convicted are very serious. Mr. Jackson is truly sorry for his actions and will relate his thoughts on this during his

allocution statement to this court at the time of his sentencing.

The court must also consider the nature and circumstances of the offense, and the history and characteristics of Mr. Jackson, when determining the sentence that is sufficient but not greater than necessary.

Mr. Jackson is believed to have good prospects for rehabilitation, especially considering his age, family, community, peer support, minimal criminal history and his desire not to reoffend. See Ex. B, Confidential Summary of Psychological Testing by Bruce N. Smith, Ph.D.

Mr. Jackson is further in need of additional education and job skills training. Mr. Jackson does not oppose the forfeiture of his interests in any items seized in this matter.

Since Mr Jackson has been incarcerated, he has had no write ups and limited opportunity to engage in programming. However, he has completed the following courses: See Ex. C, Reformers Unanimous, Recovery Foundation Certificate and 10-Hour Construction Safety and Health.

**V. Conclusion.**

Counsel for Mr. Jackson is making a sentencing request for a composite sentence of 180 months to serve concurrently, and 3 (3) years of supervised release as to Ct. 1. As to Cts. 4 – 6, a

period of ten (10) years of supervised release to be served concurrently with Ct. 1. It is further requested that no fine be imposed as Mr. Jackson does not have the ability to pay one. It is further requested that Mr. Jackson have made available to him any and all educational and vocational opportunities that may be offered through the BOP while he is incarcerated, to include the Federal Bureau of Prisons residential drug/alcohol abuse 500 hour treatment program. Mr. Jackson would further like a recommendation to serve his sentence as close to his family in Alaska as possible.

Restitution for Justice for Victims of Trafficking Act (JVTA) in the amount of $15,000 ($5,000 each for Cts. 4 – 6), as well as an amount to be determined by this court in the Amy Vicky and Andy Victim Assistance Act (AAVA), in an amount recommended, not to exceed $9,000.

Lastly, special assessment fees in the amount of $400.00 be imposed for Ct. 1, 4 – 6.

Dated this 28th day of October, 2025.

>LAW OFFICES OF LANCE C. WELLS, LLC.
>
>/s/Lance C. Wells, Esq.
>Attorneys for Defendant,
>Mr. Matthew Jackson
>1029 W 3rd Avenue, Suite 550
>Anchorage, Alaska 99501
>Phone: 907/274-9696
>Fax: 907/277-9859
>E-mail: Lance@lancewells.law

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 10/28/2025, a copy of the Foregoing:

-Defendant's Sentencing Memorandum;
-Exhibits A, B and C.

was served electronically upon:

Ms. Carly Sue Vosacek, AUSA
Electronic Address of Record

 &

Ms. Courtney Redd,
US Probation & Pretrial Services
Electronic Address of Record

/s/Lance C. Wells
Lance C. Wells, Atty.